IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER J. KARNES, | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-364 |
| | ) | Judge Nora Barry Fischer/ |
| GEORGE PATRICK, Superintendent of | ) | Magistrate Judge Amy Reynolds Hay |
| S.C.I. Houtzdale; THE DISTRICT | ) | |
| ATTORNEY OF THE COUNTY OF | ) | |
| LAWRENCE; PA STATE ATTORNEY | ) | |
| GENERAL, | ) | |
| Respondents | ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed as time barred and that a certificate of appealability be denied.

REPORT

After having been convicted in a jury trial of sexually abusing one female child in the household, Rogers Karnes, ("Petitioner"), rather than taking a chance on a second jury trial, chose to plead guilty on September 18, 2002, to sexual abuse of another female child in the same household.[1] Nearly five years later, Petitioner filed a Section 2254 habeas petition in this court in order to challenge that plea of guilt. Because the petition is time barred, as Respondents contend, the petition should be dismissed.

**A. Factual and Procedural History**

On September 18, 2002, Petitioner appeared with his public defender attorney and

---

[1] The record variously refers to the two child victims as sisters or step sisters.

entered guilty pleas in two cases which were consolidated and which involved the same victim. In the first case, Petitioner pleaded guilty to two counts of Involuntary Deviate Sexual Intercourse with a victim less than sixteen years old; one count of Aggravated Indecent Assault where the perpetrator was over 18 years old and the victim was under fourteen years of age; and to Corruption of Minors.[2] In the second case, Petitioner pleaded guilty to one count of Statutory Rape and one count of Corruption of Minors.[3] On May 7, 2003, Petitioner was sentenced in open court on the guilty pleas. On May 9, 2003, the sentence was docketed in case No. 930-2001. On May 12, 2003, the sentence was docketed in case No. 973-2001. No appeal was filed.

On September 29, 2003, Petitioner sent into the Lawrence County Clerk of Court's Office his pro se PCRA petition that challenged the guilty pleas and sentences in the consolidated cases.[4] After counsel was appointed and a counseled amended PCRA petition was filed, an evidentiary hearing was conducted and the PCRA trial court denied relief. Thereafter, Petitioner through counsel filed a timely appeal in the Superior Court which, on March 31, 2006, denied relief and affirmed the PCRA trial court in the consolidated cases.

Petitioner learned of the Superior Court's disposition between May 23, 2006 and May 28,

---

[2] This first case was Commonwealth v. Karnes, No. CP-37-CR-0000973-2001, the docket of which is available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=5095555

[3] This second case was Commonwealth v. Karnes, No. CP-37-CR-0000930-2001, the docket of which is available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=5095512

[4] See Appendix for the letter from Petitioner to Lawrence County Clerk of Courts which was filed in the state court's docket, indicating that Petitioner sent his PCRA petition in on September 29, 2003.

2006.[5] This was beyond the time for filing a Petition for Allowance of Appeal ("PAA") in the Pennsylvania Supreme Court. Nevertheless, Petitioner sent a letter to his counsel and equivocally asked his counsel to "appeal this into the next court" and suggested a nunc pro tunc PAA or to possibly file a state or federal habeas petition and "bypass[] the State Supreme Court[.]" Dkt. [6-2] at 20. No such nunc pro tunc PAA was filed, nor did his counsel file any habeas petition.

Petitioner did not execute his current Section 2254 habeas petition and motion for leave to proceed IFP until March 17, 2007. Dkt. [1]; Dkt. [4]. Petitioner also filed a brief in support of his habeas petition. Dkt. [6]. Because Petitioner did not use the pre-printed habeas form utilized in this District, the Court ordered Petitioner to file an amended habeas petition on the correct form with any supplemental pages needed. Dkt. [5]. Petitioner complied and he filed an amended habeas petition on July 16, 2007. Dkt. [9]. The Court ordered that the original habeas petition and the amended habeas petition and brief in support be served upon the Respondents and that they file a reply within a time certain. Dkt. [10].

After much difficulty in getting the Respondents to file an answer, including an order to show cause as to why one of the Respondents should not be held in contempt, Dkt. [15], for failure to file the answer as ordered, the Respondents finally filed their answer, Dkt. [20], and a brief in support, Dkt. [21]. In their response and brief, the Respondents raise, inter alia, the statute of limitations as a defense, although they do not calculate the statute correctly.[6]

---

[5] Apparently, Petitioner learned of this on May 25, 2006. Dkt. [6-2] at 20 ("Defendant notified 5-25-06.").

[6] The Respondents appear to believe that the AEDPA statute of limitations starts to run, not from the date that the conviction becomes final, within the meaning of AEDPA but, rather, starts to run

B. Applicable Legal Standards

1. AEDPA is applicable

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996. Because petitioner's habeas petition was filed in the year 2007, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) ("Since Werts filed his habeas petition on March 18, 1997, after the effective date of the AEDPA, we are required to apply the amended standards set forth in the AEDPA to his claim for federal habeas corpus relief.") (footnote omitted).

2. Statute of Limitations

As applicable here, AEDPA required Petitioner to file his habeas petition within one year of the following enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         . . . .
>  (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Even though a habeas respondent has the burden to plead affirmatively AEDPA's statute of limitations, Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002), it is appropriate, where, as here,

---

only upon conclusion of the PCRA proceedings. See Dkt. [21] at 5. The Court calculates below the statute of limitations correctly.

the habeas petitioner has been put on notice of a statute of limitations defense, to place some burden on him to show why the statute of limitations has not run.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response") (citing Herbst v. Cook, 260 F.3d 1039, 1041-42 (9th Cir. 2001)); Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002).  As is demonstrated below, Petitioner has failed to carry his burden to show that the AEDPA statute of limitations has not run.

### C.  Discussion

The Respondents contend that Petitioner's instant petition is untimely because it was not filed within the one year AEDPA statute of limitations.  The Respondents are correct.

Petitioner was convicted on his guilty plea on May 7, 2003 and that very same date, the sentences in both cases were imposed in open court.  Under state law, Petitioner had until 30 days thereafter in which to file his appeal.  Pa.R.A.P.  903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").  Because Petitioner filed no post sentence motion and took no appeal from the imposition of the sentences, Petitioner's conviction became final 30 days after May 7, 2003 which is June 6, 2003.  See, e.g., Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); Woolfolk v. Mechling, No. Civ.A. 02-7211, 2003 WL 22837608, at *4  (E.D. Pa. Nov. 25, 2003)("Direct review of Petitioner's conviction ended on November 20, 1998, since Petitioner did not appeal his guilty plea within thirty days of the sentencing.").

Hence, Petitioner would have had until June 6, 2004 in which to file his habeas petition attacking deficiencies in his conviction and guilty plea proceedings. Petitioner did not file the present habeas petition until, at the earliest March 17, 2007, the date whereon he signed his in forma pauperis ("IFP") application.[7] While it is true that a properly filed post conviction or collateral petition that was filed and/or pending would have tolled the running of the limitations period,[8] Petitioner did not file his PCRA petition until, at the earliest, September 29, 2003. Hence, between June 6, 2003 (the day his conviction became final) and September 28, 2003, the day before he filed his PCRA petition,[9] a total of 114 days of the 365 days of AEDPA's one year limitations period were consumed.[10] The PCRA petition remained pending (and so tolled

---

[7] The court will deem the date of the filing to be the date Petitioner signed his IFP application and habeas petition. The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the court will treat, the date whereon Plaintiff signed his IFP application and habeas petition, as the filing date. See Cromwell v. King, 27 Fed.Appx. 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases)."); Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000).

[8] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

[9] Because as of September 29, 2003, Petitioner is deemed to have filed his PCRA petition and hence, the PCRA petition is deemed to have been pending for at least a part of that day, the AEDPA statute of limitations was tolled as of that date, i.e., not counted. See Freeman v. Pew, 59 F.2d 1037, 1037 (D.C. Cir. 1932) ("it has long been the settled doctrine that the law, disregarding fractions, takes the entire day as the unit of time."); In re Susquehanna Chemical Corp., 81 F.Supp. 1, 9 (W.D. Pa. 1948)(general rule is that fractions of a day are to be disregarded), aff'd, 174 F.2d 783 (3d Cir. 1949).

[10] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001); Stokes v. Miller, 216 F.Supp.2d 169 (S.D.N.Y. 2000).

AEDPA's statute of limitations) only until 30 days after the Superior Court affirmed the PCRA Court, i.e., thirty days after March 31, 2006, which is April 30, 2006. We recall Petitioner did not file a timely PAA in the Pennsylvania Supreme Court. Petitioner did not file his current habeas petition until, at the earliest, March 17, 2007. Hence, between April 30, 2006 and March 17, 2007, a total of 321 days of AEDPA's statute of limitations ran. Adding that 321 days to the 114 days that had already passed between Petitioner's conviction becoming final and his filing of the PCRA petition, yields a result of 435 days, well beyond the one year limit. Accordingly, absent equitable tolling, Petitioner's petition is time barred.

Petitioner has not explicitly argued for equitable tolling, nor does the record support a reason for equitable tolling. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, at *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted."). Put succinctly, a habeas petitioner, seeking to invoke the doctrine of equitable tolling, must establish two requisites: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), reh'g and suggestion for reh'g en banc denied, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005)("Equitable

tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims.").

Petitioner has not carried his burden to show entitlement to equitable tolling. While it is true that Petitioner notes that his attorney failed to timely file a PAA during the PCRA proceedings, and failed to notify him of such until after the time had expired for doing so, such would not justify equitable tolling. Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (quoting, Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). See also Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Harrison v. General Motors Corp., 275 F.3d 47 (5th Cir. 2001)(Table, unpublished), 2001 WL 1268765, at *1 ("Harrison 'cannot rely upon *any* failure on the part of [her] chosen attorney as diligence or an excuse for lack of diligence, because the acts of one's attorney [are] imputed to the client.'"). Cf. Coleman v. Thompson, 501 U.S. 722, 753 (1991)("[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'"). Nor would his attorney's alleged failure to file a nunc pro tunc PAA equitably toll the statute of limitations given that Petitioner's own letter to that attorney indicates that Petitioner was, at best, equivocal about whether he wanted his attorney to file such a nunc pro tunc PAA where Petitioner seemingly informed his attorney that he did not want his attorney to file a nunc pro tunc PAA, given that he wrote in his letter to the attorney that he wanted the attorney to bypass the PAA in the State Supreme Court because he felt filing a federal habeas

8

petition would be in his best interest. Specifically, Petitioner wrote, "Dave, I do need you help. I also ask you at this time if you would, and also it seems that an appeal to the federal or state habeas, by bypassing the state Supreme may be in my best interest, if you would do this habeas appeal **instead** of Supreme appeal. I know your [sic] not obligated to go beyond the Supreme, so I'm asking humbly from my heart Dave." Dkt. [6-2] at 20 (emphasis added). This is true even though Petitioner attempts to argue before this Court that he was waiting for information about the status of the nunc pro tunc PAA and even wrote letters since June 2006 concerning the status of his case, (to whom he wrote, Petitioner does not say, although, it may be inferred that he wrote to his Attorney, i.e., "Dave" the one mentioned in the letter, nor has Petitioner provided the court with copies of such letters).

Such arguments are, in effect, arguments for equitable tolling but they are unpersuasive for several reasons. First, it has been held that affirmative reliance on an attorney's erroneous advice about the course of action to be taken does not qualify as the extraordinary circumstances required in order to show entitlement to equitable tolling. Moreno v. Harrison, 245 Fed.Appx. 606, 608 (9th Cir. 2007) ("Thus, Moreno's claimed barrier of reliance on Saffold, Smith, and Dictado did not truly prevent or make 'impossible' a timely filing. Instead, Moreno's counsel recommended, and Moreno adopted, the wrong course of action."). Hence, if reliance on erroneous advice by an attorney does not qualify for equitable tolling, an attorney's mere failure to reply to letters or mere failure to timely file, should not qualify for equitable tolling, especially when Petitioner was aware that his attorney was not responding to his letters of inquiry, which allegedly sought to determine if a nunc pro tunc PAA was filed, and since such information could have easily been obtained else wise. Second, it would have been unreasonable for Petitioner to

expect such a nunc pro tunc PAA to be filed when he himself directed the attorney or told the attorney that it might be in his best interest to "bypass[] the State Supreme" Court and simply file a habeas appeal instead and specifically requesting that the Attorney do so.  Hence, Petitioner would not have acted with **reasonable** diligence, had he expected that a nunc pro tunc PAA would be filed.   Thirdly, even if it would have been reasonable for Petitioner to expect that his attorney would have filed a nunc pro tunc PAA, it would not have been reasonable for Petitioner to believe that such a filing would have justified any tolling of AEDPA's statute of limitations and hence, would have justified him in not filing his present habeas petition until such nunc pro tunc PAA was resolved or until Petitioner found out whether such nunc pro tunc PAA had even been filed.  See Douglas v. Horn, 359 F.3d 257 (3d Cir. 2004) (a notice to appeal nunc pro tunc did not statutorily toll the limitation period because Pennsylvania courts do not recognize nunc pro tunc appeals as a permissible avenue for post-conviction relief.).  Thus, Petitioner has simply failed to show any extraordinary circumstances or reasonable diligence so as to justify equitable tolling.

      Accordingly, his petition should be dismissed as being time barred.

      Lastly, it is recommended that a certificate of appealability be denied as jurists of reason would not find it debatable whether this petition is time barred.

CONCLUSION

      In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 10 April, 2009

cc: The Honorable Nora Barry Fisher
United States District Judge

Roger Joel Karnes
FX-8208
SCI Houtzdale
P. O. Box 1000
Houtzdale, PA 16698

All counsel of record via CM-ECF